# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00624-DAE |
| vs. | § § § | |
| **JOHN DOE, Infringer Using IP Address 72.133.125.168,** | § § § § | |
| *Defendant.* | § § § | |

## ORDER

Before the Court is Plaintiff Malibu Media, LLC's, Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law [#5]. On July 22, 2019, the Honorable David A. Ezra referred the motion to the undersigned for disposition pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rules Cv-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena is **GRANTED,** subject to the restrictions noted herein.

### I. Factual and Procedural Background

This is a copyright-infringement case. Plaintiff Malibu Media, LLC ("Plaintiff"), filed a complaint against John Doe ("Defendant") on June 6, 2019 [#1], alleging violations of the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101–1332. Plaintiff is a limited liability company that produces adult films and distributes them through a subscription-based website. (Compl. [#1] at ¶ 8.) Plaintiff claims that Defendant is a "persistent online infringer" of its

1

copyrights. (*Id.* at 2.) Specifically, Plaintiff alleges that Defendant used BitTorrent, a peer-to-peer, file sharing protocol that allows users to distribute data and electronic files over the Internet, to download adult films for which Plaintiff holds the copyright. (*Id.* at ¶¶ 19–26.) Defendant has been identified only by the Internet Protocol address ("IP address") through which the copyrighted works were allegedly downloaded.

On July 24, 2019, Plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference [#5]. Plaintiff does not know Defendant's true identity, but alleges that its investigator, IPP International UG, used geolocation technology to trace Defendant's IP address to a physical location within the Western District of Texas. (*Id.* at ¶ 18.) To identify John Doe, Plaintiff now seeks leave to serve a third-party subpoena on Spectrum, the Internet service provider ("ISP") associated with the IP address that allegedly downloaded Plaintiff's copyrighted works. As Defendant has not yet been identified by name, no opposition was filed.

## II. Governing Law

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). District courts have considerable discretion in discovery matters, and this Court has adopted the "good-cause" standard to determine whether a party is entitled to expedited discovery. *See*, *e.g.*, *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017). Under this standard, "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *United Biologics, LLC v. Am. Acad. of Allergy*, No. SA-14-CV-35-OLG, 2014 WL 12637937, at *2 (W.D. Tex. Mar. 20, 2014) (emphasis, internal

quotation marks, and citation omitted). If a plaintiff seeks a subpoena to identify an anonymous Internet user, the court must also balance the need for disclosure against the defendant's expectation of privacy. *See Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BBB*, No. 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012). In making this determination, courts commonly consider the following factors:

> (1) a concrete showing of a *prima facie* claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.

*Malibu Media, LLC v. John Doe*, No. SA-19-CV-599-XR, at *2 (W.D. Tex. July 23, 2019) (quoting Well Go USA, 2012 WL 4387420, at *1). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Stockade Companies, LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017).

### III. Analysis

The Court is satisfied that Plaintiff has met its burden of showing that good cause exists to permit limited expedited discovery. The other judges in the Western District of Texas to have considered the issue have reached the same conclusion. *See Malibu Media, LLC v. John Doe*, No. SA-19-CV-632-OLG (W.D. Tex. Aug. 1, 2019); *Malibu Media, LLC v. John Doe, Infringer Using IP Address 70.112.50.36*, No. SA-19-CA-621-DAE (W.D. Tex. Aug. 1, 2019); *Malibu Media*, No. SA-19-CV-599-XR; *Malibu Media, LLC v. John Doe, infringer using IP address 162.206.60.46*, No. 5:19-CV-00600-FB (W.D. Tex. July 19, 2019).

To establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

3

*Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Plaintiff alleges that it is the owner of the twenty-three copyrights-in-suit; that Defendant copied and distributed the constituent elements of each of the original works covered by the copyrights-in-suit; and that Plaintiff did not authorize or consent to this distribution. Therefore, Plaintiff has pled a *prima facie* case of copyright infringement.

In addition, as Defendant is known only by his or her IP address, there is no other way for Plaintiff to obtain this information. Finally, Plaintiff's need for the subpoenaed information is significant, and an ISP subscriber has "a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11*, No. 12 CIV. 3810 ER, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013); *see also Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

At the same time, courts have expressed concern, implicitly acknowledged by Plaintiff, "that disclosure of a defendant's name or other identifying information in cases involving infringement of adult films could lead to abusive litigation through coercion." *Malibu Media, LLC v. Doe*, No. 15 CIV. 4381 JFK, 2015 WL 4923114, at *1 (S.D.N.Y. Aug. 18, 2015). Aware of this potential for unfairness, this Court has "fashioned appropriate protective orders to preserve Plaintiff's and Defendant's right to litigate (or settle) the claims free from coercion." *Malibu Media*, No. SA-19-CV-599-XR, at *4 (quoting *Malibu Media*, 2015 WL 4923114, at *1).

The service of Plaintiff's subpoena, therefore, will be subject to restrictions aimed at protecting the privacy and the interests of the individual whose identity is discovered pursuant to the subpoena.

### IV. Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff Malibu Media, LLC's, Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [#5] is **GRANTED,** subject to the following conditions and limitations:

1. Plaintiff may immediately serve a Rule 45 subpoena ("the Subpoena") on Spectrum to obtain the true name and address of the individual to whom the ISP assigned the IP address 72.133.125.168. The ISP is **not** to release Defendant's telephone number, email address, or other contact information.

2. A copy of this Order shall be attached to the Subpoena.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant.

4. If the ISP is a "cable operator" within the meaning of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521–559, it shall comply with § 551(c)(2)(B) by sending a copy of this Order to Defendant. Section 551(c)(2)(B) states, in relevant part: "A cable operator may disclose such [personally identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

5. The ISP shall have **sixty (60) days** from the date of service of the Subpoena upon it to serve Defendant with a copy of the Subpoena and this Order. The ISP may serve Defendant

using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

6. Defendant shall have **sixty (60) days** from the date of service of the Subpoena and this Order upon him or her to file any motion with this Court to quash or modify the Subpoena, as well as any request to litigate the Subpoena anonymously. **The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this sixty-day period. Additionally, if Defendant or the ISP files a motion to quash or modify the Subpoena, the ISP may not turn over any information to Plaintiff until the Court rules on any such motions.**

7. If Defendant moves to quash or modify the Subpoena, or to proceed anonymously, he or she shall immediately notify the ISP so that the ISP is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions.

8. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash or modify the Subpoena.

9. If the sixty-day period lapses without Defendant or the ISP contesting the Subpoena, the ISP Shall have **fourteen (14) days** to produce the subpoenaed information to Plaintiff.

10. Plaintiff must serve Defendant with copies of all materials and information obtained about him or her.

11. Plaintiff must use the information disclosed in response to the Subpoena for the **sole purpose** of protecting and enforcing its rights, as set forth in its Complaint.

12.     If Plaintiff files an amended pleading identifying Defendant, Plaintiff shall submit such pleading **under seal** to the Court.

**IT IS SO ORDERED.**

SIGNED this 16th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE